1  VORYS, SATER, SEYMOUR and PEASE LLP
   Cory D. Catignani (SBN 332551)
2  cdcatignani@vorys.com
   4675 MacArthur Court, Suite 700
3  Newport Beach, CA 92660
   Telephone: 949-526-7906
4  Facsimile: 949-383-2387

5  Attorneys for Defendant
   BIG LOTS STORES, LLC
6

7              **UNITED STATES DISTRICT COURT**

8              **EASTERN DISTRICT OF CALIFORNIA**

9  | JULIA UTLEY, | Case No. |
10 | Plaintiff, | **DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT PURSUANT TO 28 U.S.C. SECTIONS 1332(a), 1441, AND 1446** |
11 | v. | |
12 | BIG LOTS STORES, LLC; and DOES 1 to 50, | |
13 | | [Diversity Jurisdiction] |
14 | Defendants. | Action Filed: September 27, 2022 |
15 | | [Removed from San Joaquin County Superior Court, Case No. STK-CV-UOE-2022-8624] |

17

18 TO THE CLERK OF THE ABOVE-ENTITLED COURT, AND TO
19 PLAINTIFF JULIA UTLEY AND HER ATTORNEY OF RECORD:

20    PLEASE TAKE NOTICE that Defendant Big Lots Stores, LLC ("Defendant")
21 hereby removes the above-entitled action from the Superior Court of the State of
22 California, County of San Joaquin, to the United States District Court for the Eastern
23 District of California pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446.

24    As required by 28 U.S.C. § 1446(d), a Notice to State Court of Removal of
25 Civil Action to Federal Court, along with a copy of this Notice of Removal, will be
26 promptly filed in the Superior Court of the State of California, County of San
27 Joaquin. A copy of the Notice to State Court without attachments is attached hereto
28 as **Exhibit 1**. A copy of the Notice to State Court will also be promptly served upon

Plaintiff Julia Utley's ("Plaintiff") counsel.

In support of this Notice of Removal, Defendant states the following:

## I. PROCEDURAL HISTORY

1. On September 27, 2022, Plaintiff filed a Complaint (the "Complaint") in the Superior Court of the State of California, County of San Joaquin, styled *Julia Utley v. Big Lots Stores, LLC, et al.*, Case No. STK-CV-UOE-2022-8624 (the "State Court Action"). A true and correct copy of the Complaint and the process served on Defendant is attached hereto as **Exhibit 2**. Big Lots Stores, Inc. received service of the Complaint on September 29, 2022.

2. To the best of Defendant's knowledge, no other proceedings related hereto have been heard in the San Joaquin County Superior Court.

3. Pursuant to 28 U.S.C. § 1446(a), the attached exhibits constitute all process, pleadings, and orders filed or served in the State Court Action.

## II. STATEMENT OF JURISDICTION

### A. Diversity of the Parties

1. Plaintiff is a resident of the State of California. (Complaint ¶ 5). For diversity purposes, a person's citizenship is determined by the state in which he or she is domiciled. *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986). "A person is 'domiciled' in a location where he or she has established a 'fixed habitation or abode in a particular place, and [intends] to remain there permanently or indefinitely.'" *Id.* at 749-750. Upon information and belief, Plaintiff has established a fixed habitation in California, and intends to remain in California indefinitely. Therefore, Plaintiff is, and was at the institution of this civil action, a citizen of California.

2. A limited liability company is a citizen of the state of citizenship of each of its members. *NewGen LLC v. Safe Cig, LLC*, 840 F.3d 606, 612 (9th Cir. 2016). A corporation, in turn, is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). A corporation's principal

place of business is its "nerve center" — typically its corporate headquarters — where its senior officers "direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93, 130 S. Ct. 1181, 175 L. Ed. 2d 1029 (2010).

3. Defendant Big Lots Stores, LLC is a limited liability company. The sole member of Big Lots Stores, LLC is Big Lots Management, LLC.

4. Big Lots Management, LLC was at the time this action was filed, and continues to be, a limited liability company organized under the laws of the State of Ohio. Big Lots, Inc. is the sole member of Big Lots Management, LLC.

5. Big Lots, Inc. was at the time this action was filed, and continues to be, a corporation engaged in retail sales incorporated under the laws of the State of Ohio. Its corporate headquarters were, and still are, in Columbus, Ohio. Its senior corporate officers are located in Columbus, Ohio. Big Lots, Inc. is neither incorporated in California, nor does it have a principal place of business in California.

6. Because Big Lots, Inc. is the sole member of Big Lots Management, LLC, and because Big Lots, Inc. is an Ohio corporation, Big Lots Management, LLC is also a citizen of Ohio for purposes of diversity.

7. Likewise, because Big Lots Management, LLC is the sole member of Defendant Big Lots Stores, LLC, it is a citizen of Ohio.

8. Therefore, for purposes of diversity jurisdiction, Defendant Big Lots Stores, LLC is not a citizen of California. *See also*, Complaint ¶ 6 ("[Defendant] is an Ohio limited liability company."). Accordingly, the requirement of complete diversity of citizenship is satisfied. 28 U.S.C. § 1332.

9. Plaintiff has named additional fictitious defendants or entities ("Does 1 through 50") in his Complaint. "In determining whether a civil action is removable on the basis of jurisdiction under [28 U.S.C. § 1332(a)], the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C.

§ 1441(b)(1).

### B. Amount in Controversy

10. Defendant denies Plaintiff's claims of wrongdoing and requests for relief; however, based on the allegations on the face of the Complaint, the amount in controversy exceeds the jurisdictional threshold of $75,000.

11. Where a complaint does not state the amount in controversy, the removing defendant must establish by a preponderance of the evidence – *i.e.*, that it is "more likely than not" – that the amount in controversy exceeds $75,000. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). This burden is not "daunting" and does not obligate a removing defendant to "research, state, and prove the plaintiff's claims for damages." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204-1205 (E.D. Cal. 2008). "The 'ultimate inquiry' is what amount is put 'in controversy' by the plaintiff's complaint, not what the defendant will actually owe." *Id.* (*quoting Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005)).

12. In determining whether it is more likely than not that the amount in controversy exceeds $75,000, a court can consider: (a) the allegations in the complaint, facts in the removed petition, and any summary-judgment-type evidence that is submitted; (b) jury verdicts involving similar allegations and claims; (c) emotional distress damages; (d) punitive damages, if they are recoverable as a matter of law;[1] and (e) attorneys' fees, if they are authorized by statute. *See, e.g.*, *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 947 (9th Cir. 2001); *Perez v. Baxter Healthcare Corp.*, No. 2:12-cv-08075, 2012 U.S. Dist. LEXIS 160051, at *4–*5 (C.D. Cal. Oct.

---

[1] Punitive damages are available under the California Fair Employment and Housing Act and Cal. Lab. Code § 1102.5. *See Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1034 (N.D. Cal. 2002); *Hennighan v. Inshpere Ins. Solutions, Inc.*, No. 13-cv-638-JST, 2013 U.S. Dist. LEXIS 58888, at *18 (N.D. Cal. Apr. 24, 2013) (punitive damages available for Section 1102.5 retaliation claims).

1  31, 2012). These amounts are in addition to the $10,000 penalty outlined in Section
2  1102.5 itself, which is properly part of the amount in controversy calculation. *See*
3  *Langevin v. Fed. Expr. Corp.*, No. CV 14-08105 MMM (FFMx), 2015 U.S. Dist.
4  LEXIS 27861, at *51 (C.D. Cal. Mar. 6, 2015). A district court may also make
5  estimates of the amount in controversy. *Tiffany v. O'Reilly Auto. Stores, Inc.*, No.
6  CIV. S-13-0926, 2013 U.S. Dist. LEXIS 130082, at *6 (E.D. Cal. Sept. 11, 2013).

      i. ***Plaintiff's Retaliation and Wrongful Termination Claims***

13. Plaintiff further alleges that her termination was wrongful and in violation of California's public policy. (Complaint ¶¶ 32-35).

14. Plaintiff seeks economic damages for losses in earnings for these claims. (Complaint ¶ 34). Plaintiff's hourly rate at the time of her termination was $15.50. (Complaint ¶ 15). Plaintiff is alleged to have worked at least forty (40) hours per week in every workweek. (Complaint ¶ 15). Plaintiff's employment terminated on June 2, 2022. (Complaint ¶ 14). If trial in this matter were set for November 2023, Plaintiff's back pay damages alone would amount to $42,986.66. *See Garcia v. ACE Cash Express, Inc.*, No. SACV 14-0285-DOC (RNBx), 2014 U.S. Dist. LEXIS 76351, at *10-11 (C.D. Cal. May 30, 2014) (considering back wages between removal and trial for amount in controversy).

15. Plaintiff additionally seeks damages for lost benefits. (Complaint ¶ 34). *See McGowan v. Dollar Tree, Inc.*, No. ED CV 17-0702 FMO (SPx), 2017 U.S. Dist. LEXIS 79865, at *5 (C.D. Cal. May 24, 2017) (finding that the amount in controversy threshold was met by aggregating plaintiff's estimated damages for lost wages, **lost benefits**, emotional distress, and mental pain and anguish)**;** *Simmons v. PCR Tech.*, No. C 02-1504 MHP, 2002 U.S. Dist. LEXIS 11893, at *14 (N.D. Cal. Mar. 28, 2002) (taking into account plaintiff's medical expenses when assessing the amount in controversy).

16. Plaintiff also seeks non-economic damages. (Complaint ¶¶ 35) When considering emotional distress damages for the amount in controversy

analysis, courts look to "damages awarded in similar cases in the geographic area." *Amado v. U.S. Bancorp*, No. SACV 15-00871-JLS (DFMx), 2015 U.S. Dist. LEXIS 128730, at *5 (C.D. Cal. Sept. 24, 2015). Courts throughout the Ninth Circuit have regularly held that emotional distress damages in employment cases can be substantial, often exceeding $75,000. *See, e.g., Greta L. Anderson v. American Airlines Inc.*, No. 3:05-cv-04292-SI, 2008 Jury Verdicts LEXIS 35822 (N.D. Cal. July 17, 2008) ($1,000,000 non-economic damages award to plaintiff alleging disability discrimination and retaliation under the FEHA and wrongful termination in violation of public policy); *see also Hurd v. Am. Income Life Ins.*, No. CV-13-05205 RSWL-MRW, 2013 U.S. Dist. LEXIS 147849, at *17 (C.D. Cal. Oct. 10, 2013) ("Punitive damages and emotional distress damages in disability discrimination cases can be 'substantial' even when lost wages fall short of the jurisdictional minimum.")

17. Plaintiff also seeks attorneys' fees. (Complaint, Prayer for Relief ¶ 5.) Attorneys' fees may be included in the amount in controversy if recoverable by statute or contract. *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1034 (N.D. Cal. 2002). When assessing attorneys' fees for the purpose of determining the amount in controversy, a court should consider "the amount that can reasonably be anticipated at the time of removal, not merely those already incurred." *Id.* at 1035. Applying this principle, California courts have awarded substantial attorneys' fees in employment cases. *See, e.g.*, *Jadwin v. Cty. of Kern*, 767 F. Supp. 2d 1069, 1141 (E.D. Cal. 2011) (awarding prevailing plaintiff under FEHA $573,700 in attorneys' fees); *Leuzinger v. Cty. of Lake*, No. C-06-00398, 2009 U.S. Dist. LEXIS 29843, at *31 (N.D. Cal. Mar. 30, 2009) (awarding prevailing plaintiff $735,500 in attorneys' fees in FEHA action). Accordingly, numerous courts have found that the amount of attorneys' fees that can be reasonably anticipated in an employment case puts the amount in controversy at an amount greater than $75,000. *See Simmons* at 1035.

ii. ***Plaintiff's Labor Code Violation Claims***

18. Plaintiff alleges that she was not paid for all hours worked, was

not provided with meal periods or paid meal period premiums, was not provided with rest periods or provided rest period premiums, was not provided with accurate wage statements, and that she is entitled to waiting time penalties.

19. The statute of limitations for Plaintiff's alleged wage and hour violations is three years. Cal. Code Civ. Proc. § 338. For purposes of removal only, Defendant assumes that Plaintiff alleges violations during 104 workweeks from June 2020 through her June 2, 2022 termination described in the Complaint. (Complaint ¶¶ 10 and 14).

20. Plaintiff's hourly rate is alleged to have been $15.50. (Complaint ¶ 15).

21. While the allegations regarding total damages are vague, courts have held that assuming a 100% violation rate is permissible for determining the amount in controversy when a Complaint does not contain more detailed allegations that would suggest such an assumption is incorrect. *See, e.g.*, *Mejia v. DHL Express (USA), Inc.*, 2015 U.S. Dist. LEXIS 67212, 2015 WL 2452755, at *4 (C.D. Cal May 21, 2015) (using a 100% violation rate to calculate the amount in controversy where a the plaintiff's complaint "does not contain any allegations that suggest a 100% violation rate is an impermissible assumption."); *Muniz v. Pilot Travel Ctrs., LLC*, 2007 U.S. Dist. LEXIS 31515, at *4 (E.D. Cal. April 30, 2007) ("[P]laintiff includes no fact-specific allegations that would result in a … violation rate that is discernibly smaller than 100% . . . . Plaintiff is the master of her claims, and if she wanted to avoid removal, she could have alleged facts specific to her claims which would narrow the scope of the putative class or the damages sought."); *see also Giannini v. Nw. Mut. Life Ins. Co.,* No. C 12-77 CW, 2012 U.S. Dist. LEXIS 60143, at *9 (N.D. Cal. Apr. 30, 2012) (allegations of "routine" violations supported assumption of 100% violation rate). Here, Plaintiff alleges violations occurring every day and every workweek.

///

22.  ***Unpaid Time Claim.***  Plaintiff alleges that she regularly worked 5 days per week and would often work 8 hours per day. (Complaint ¶ 15). She alleges to have been unpaid for 50 minutes of break time per day, during which she alleges to have worked without pay. Because Plaintiff alleges to have been paid for 40 hours of time, these additional hours would be paid at an overtime rate. Accordingly, the alleged amount in controversy for this claim is **$10,083** [4.17 hours of unpaid time per week x $23.25 (Plaintiff's overtime rate) x 104 weeks].

23.  ***Meal Period Claim.***  Plaintiff alleges that Defendant failed to provide her with statutorily compliant meal periods and failed to pay her proper meal period premiums.  (Complaint ¶ 16).  Pursuant to Cal. Lab. Code § 512(a), employees who work shifts longer than five hours are entitled to one meal break per day. *See Dilts v. Penske Logistics, LLC*, 769 F.3d 637, 641 (9th Cir. Cal. 2014). Working five days per week for 104 weeks would result in 520 meal period violations over the course of the statutory period. Accordingly, the amount in controversy for this claim is **$8,060** [$15.50 x 5 days per week x 104 weeks].

24.  ***Rest Period Claim.***  Plaintiff also alleges that Defendant failed to provide her with timely rest periods for every four hours worked. (Complaint ¶16). Pursuant to IWC 7-2001 § 12(A), employees are required to offer rest periods of 10 minutes per every four hours worked or major fraction thereof, for all employees working more than 3.5 hours. *See Dilts*, 769 F.3d at 642. The penalty for failing to provide any such rest period is one hour of pay. *Id.* Assuming Plaintiff worked five days per week for 104 weeks, would result in 520 rest period violations over the course of the statutory period. Accordingly, the amount in controversy for this claim is **$8,060** [$15.50 x 5 days per week x 104 weeks].

25.  ***Inaccurate Wage Statement Claim.***  Plaintiff alleges that Defendant knowingly and intentionally failed to provide Plaintiff with accurate, itemized wage statements in compliance with Labor Code § 226. (Complaint at ¶¶ 43-45). Plaintiff seeks penalties under this statute, which are allowed to the greater

of actual damages or $50 for the first violation, and $100 for every subsequent violation, up to a maximum of $4,000. Cal. Lab. Code § 226(e). Assuming—without admitting the same—that Plaintiff would be entitled to any such recovery under this claim, the amount in controversy under this claim is the statutory maximum under Cal. Lab. Code § 226(e): **$4,000**.

26. ***Waiting Time Penalties***. Plaintiff alleges that Defendant failed to pay Plaintiff her final wages pursuant to California Labor Code §§ 201 through 203, and accordingly owe waiting time penalties pursuant to California Labor Code § 203. (Complaint ¶¶ 51-53). Assuming Plaintiff worked 8 hours per day at a rate of $15.50 per hour, Plaintiff's regular earning for 30 days would be **$3,720** [30 days x 8 hours x $15.50].

27. ***Attorney Fees for Wage and Hour Claims.*** "The amount in controversy includes... attorney's fees, if authorized by statute or contract." *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2006). Cal. Labor Code § 218.5 allows for attorney's fees "In any action brought for the nonpayment of wages." Additionally, Cal. Lab. Code § 226 authorizes an award of attorney's fees in an action seeking recovery for the furnishing of improper wage statements. *See Rosenstein v. Pratt & Whitney*, 2016 U.S. Dist. LEXIS 8442, *8 (S.D. Cal. Jan. 25, 2016). Plaintiffs in this case seek attorney's fees associated with this action. (Complaint at ¶¶ 6, 45, 50, 59, 64, 70, 78, 91). Courts have held that 25% of the alleged damages is a reasonable estimate of attorney's fees for calculating the amount in controversy in wage and hour cases. *See Donald v. Xanitos, Inc.*, 2015 U.S. Dist. LEXIS 52582, *13 (N.D. Cal. Apr. 17, 2015); *Fong v. Regis Corp.*, 2014 U.S. Dist. LEXIS 275, *23 (N.D. Cal. Jan. 2, 2014). The total damages alleged for Plaintiff's above wage and hour claims is $33,923. Accordingly, the estimated pro rata share of attorney's fees for Plaintiff's claims is **$8,480.75**.

28. The amount of Plaintiff's alleged economic damages coupled with the amount of non-economic damages and attorneys' fees Plaintiff has the

potential to claim, demonstrate that the amount in controversy for all of Plaintiff's causes of action is well in excess of $75,000. Defendants have therefore satisfied their burden of establishing by a preponderance of the evidence that the amount in controversy in this case exceeds $75,000.

29.  Accordingly, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the amount in controversy threshold has been met and complete diversity of citizenship exists between Plaintiff and Defendants, provided Plaintiff has stated a claim and further that Plaintiff has not caused any procedural defects to have been made. This case meets all of the requirements for removal and is timely and properly removed by the filing of this Notice of Removal.

### III. **PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED**

30.  Pursuant to 28 U.S.C. § 1446(b), Defendant filed this removal within 30 days of its first receipt of a copy of the Complaint, Summons, and Civil Case Cover Sheet in the State Court Action. Service was perfected on or about September 29, 2022.

31.  This action is removed to this Court pursuant to 28 U.S.C. § 1441(a), although Defendant does not admit that venue was proper in San Joaquin County or in this Court as alleged. (Complaint at ¶ 4.)

32.  As required by 28 U.S.C. § 1446(d), a Notice to State Court of Removal of Civil Action to Federal Court, along with a copy of this Notice of Removal, will be promptly filed in the Superior Court for the State of California, for the County of San Joaquin. A copy of the Notice to State Court of Removal of Civil Action to Federal Court without exhibits is attached hereto as **Exhibit 1**. A copy of the Notice to State Court of Removal of Civil Action to Federal Court will also be promptly served upon Plaintiff's counsel.

33.  By filing this Notice of Removal, Defendant does not waive any of its affirmative or other defenses, including, but not limited to, its right to move to

1 | dismiss this action pursuant to Rule 12 of the Federal Rules of Civil Procedure.

2 |       **WHEREFORE**, Defendants respectfully request that this matter be
3 | removed from the Superior Court of the State of California, for the County of San
4 | Joaquin, to the United States District Court for the Eastern District of California, and
5 | that all proceedings hereafter in this matter take place in the United States District
6 | Court for the Eastern District of California.

8 | Dated: October 31, 2022       VORYS, SATER, SEYMOUR AND PEASE LLP

10 |           By: /s/ *Cory D. Catignani*
11 |              Cory D. Catignani
             Attorneys for Defendant
12 |              BIG LOTS STORES, LLC

# PROOF OF SERVICE

STATE OF CALIFORNIA
COUNTY ORANGE

I am employed in the County of Orange, State of California; I am over the age of 18 and not a party to the within action; my business address is 4675 MacArthur Court, Suite 700, Newport Beach, California 92660.

On October 31, 2022, I served the foregoing document(s) described as:

**DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT PURSUANT TO 28 U.S.C. SECTIONS 1332(a), 1441, AND 1446**

on the interested parties to this action by placing a copy thereof enclosed in a sealed envelope addressed as follows:

**SEE ATTACHED LIST**

__X__ (BY MAIL) I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service. This correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business at our Firm's office address in Newport Beach, CA. Service made pursuant to this paragraph, upon motion of a party served, shall be presumed invalid if the postal cancellation date of postage meter date on the envelope is more than one day after the date of deposit for mailing contained in this affidavit.

_____ (BY OVERNIGHT DELIVERY SERVICE) I served the foregoing document by Federal Express, an express service carrier which provides overnight delivery, as follows. I placed true copies of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed to each interested party as set forth above, with fees for overnight delivery paid or provided for.

_____ (BY PERSONAL SERVICE) I caused such envelope to be delivered by hand to the offices of the above named addressee(s).

__X__ (BY ELECTRONIC MAIL) I caused such document to be delivered via E-Mail to the offices of the addressees at the following E-Mail addresses: (see attached list).

_____ (BY FACSIMILE) I caused such documents to be delivered via facsimile to the offices of the addressee(s) at the following facsimile number:

Executed this 31st day of October, 2022, at Newport Beach, CA.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

*/s/ John M. Upton*
John M. Upton

- 12 -
DEFENDANT'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT
CASE NO.:

**SERVICE LIST**
*Julia Utley v. Big Lots Stores, LLC, et al.*
Case No.

Brandon J. Sweeney
The Sweeney Law Firm
15303 Ventura Blvd., Suite 900
Sherman Oaks, CA  91403
bsweeney@thesweeneylawfirm.com

Jonathan J. Moon
The Law Office of Jonathan J. Moon
18000 Studebaker Road, Suite 700
Cerritos, CA  90703
jmoon@jmoonlaw.com

Attorneys for Plaintiff,
JULIA UTLEY

DEFENDANT'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT
CASE NO.: